# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL E. WONDKA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00292-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The First Amended Complaint ("FAC") filed in state court is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion in part.

## I.     THE PROPERTY

Michael E. Wondka gave lender Pacific Crest Savings Bank ("Pacific Crest") a $875,000 promissory note to purchase real property at 617 Alma Way, Zephyr Cove, NV 89448 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Apr. 13, 2006, ECF No. 13-2). The trustee was Western Title, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*Id.* 1). Defendants note that the loan was a refinancing.

LSI Title Company ("LSI"), as Agent for National Default Servicing Corp. ("NDSC") filed the notice of default ("NOD") based on a default of $30,988.63. (*See* NOD, Feb. 2, 2009, ECF No. 13-3). The foreclosure may have been statutorily improper under Nev. Rev. Stat. § 107.080(2)(c), because MERS did not assign the note and DOT to U.S. Bank National Association ("USBNA"), and USBNA did not subsequently substitute NDSC as trustee, until April 29, 2009. (*See* Assignment, Apr. 29, 2009, ECF No. 21, at 6; Substitution, Apr. 29, 2009, ECF No. 13-4). NDSC has noticed at least four trustee's sales. (*See* First Notice of Trustee's Sale ("NOS"), May 4, 2009, ECF No. 13-5; Second NOS, Nov. 4, 2009, ECF No. 13-6; Third NOS, June 4, 2010, ECF No. 13-8; Fourth NOS, Jan. 20, 2011, ECF No. 13-9).

## II.     ANALYSIS

The foreclosure may have been statutorily improper, because it appears lender Pacific Crest still had the beneficial interest when NDSC filed the NOD, and NDSC not only was never Pacific Crest's trustee, but it also did not become USBNA's trustee until almost three months after it filed the NOD. Even though the latter defect could be cured by a showing of ratification on summary judgment, the former defect would remain. The remaining claims fail under the respective statutes of limitations and for reasons given in substantively identical cases.

///
///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge Lis Pendens (ECF No. 12) is GRANTED in part and DENIED in part. All claims are dismissed except the claims for statutorily defective foreclosure and quiet title. The lis pendens is not expunged.

IT IS SO ORDERED.

Dated this 12th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge