UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL E. WONDKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:11-cv-00292-RCJ-VPC |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A. et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This is a standard foreclosure case involving one property. The First Amended Complaint ("FAC") filed in state court is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. The Court has dismissed all causes of action except those for statutorily defective foreclosure and quiet title. Defendants have moved for summary judgment. For the reasons given herein, the Court denies the motion.

I.    **THE PROPERTY**

Michael E. Wondka gave lender Pacific Crest Savings Bank ("Pacific Crest") a $875,000 promissory note to purchase real property at 617 Alma Way, Zephyr Cove, NV 89448 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Apr. 13, 2006, ECF No. 13-2). The trustee was Western Title, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's

"nominee." (*Id.* 1). Defendants note that the loan was a refinancing.

LSI Title Company ("LSI"), as Agent for National Default Servicing Corp. ("NDSC"), as agent for Wells Fargo Bank, N.A. ("Wells Fargo") filed the notice of default ("NOD") based on a default of $30,988.63. (*See* NOD, Feb. 2, 2009, ECF No. 13-3). The foreclosure may have been statutorily improper, *see* Nev. Rev. Stat. § 107.080(2)(c), because MERS did not assign the note and DOT to U.S. Bank National Association ("USBNA"), and USBNA did not subsequently substitute NDSC as trustee, until April 29, 2009. (*See* Assignment, Apr. 29, 2009, ECF No. 21, at 6; Substitution, Apr. 29, 2009, ECF No. 13-4). NDSC has noticed at least four trustee's sales. (*See* First Notice of Trustee's Sale ("NOS"), May 4, 2009, ECF No. 13-5; Second NOS, Nov. 4, 2009, ECF No. 13-6; Third NOS, June 4, 2010, ECF No. 13-8; Fourth NOS, Jan. 20, 2011, ECF No. 13-9).

## II. ANALYSIS

The foreclosure may have been statutorily improper, because it appears lender Pacific Crest still had the beneficial interest when NDSC filed the NOD, and NDSC not only was never Pacific Crest's trustee, but it also did not become USBNA's trustee until almost three months after it filed the NOD. In a previous order, the Court noted that although the latter defect could be cured by a showing of ratification on summary judgment, the former defect would remain.

Defendants argue that "[a]round September 1, 2006, Plaintiff's Loan and all beneficial interests was [sic] transferred to the Thornburg Mortgage Securities Trust . . . ." (Mot. 4:8–9, Jan. 23, 2012, ECF No. 50). Defendants argue that Wells Fargo is the servicer of all loans within that trust. As proof of this alleged transfer of the beneficial interest, Defendants attach a print-off listing the loans within that trust, including Plaintiff's loan. This evidence is not helpful. A list identifying loans is no evidence of transfer. Defendants adduce no document indicating an assignment of Plaintiff's loan from the lender, Pacific Crest, to any entity at all. They adduce

only this document purporting to show that Plaintiff's loan is held in some trust of which Wells Fargo is the servicer on behalf of the trustee, or some such relationship. And there is no evidence of the transfer of the loan to Wells Fargo. The only evidence of transfer is to USBNA.

At his deposition, Plaintiff admitted that his promissory note did not permit him to stop making payments simply because he owed more than the house was worth, and Plaintiff admitted he was in default on the note, but that he had willfully refused to make payments because the house was underwater in hopes of obtaining a modification. (*See* Wondka Dep. 25–28, Dec. 6, 2011, ECF No. 50-4). However, Plaintiff's admitted and willful breach of the note does not entitle Defendants to summary judgment on Plaintiff's claims that they have not foreclosed properly under the non-judicial foreclosure statutes. It appears that Pacific Crest still had the beneficial interest when NDSC filed the NOD, purportedly as Wells Fargo's agent (through LSI). Even if NDSC was indeed Wells Fargo's agent, and even if Wells Fargo was the agent of USBNA (or had succeeded to USBNA's interest through merger or otherwise), the NOD in the record simply cannot support the foreclosure under the statutes, because Pacific Crest still had the beneficial interest when the NOD was filed, and no party acting or purporting to act for Wells Fargo can have properly filed the NOD under the statutes. Defendants simply have to file a new NOD in this case or sue for judicial foreclosure in the state courts.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment and Release of Lis Pendens (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge